```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,         :      INFORMATION

          - v. -                  :      S6 05 Cr. 1067 (KMK)

MARION JONES,                     :

          Defendant.              :

- - - - - - - - - - - - - - - - x
```

COUNT ONE
(False Statements to a Government Agency)

The United States Attorney charges:

Background

1. At all times relevant to this Information, MARION JONES, the defendant ("JONES"), was an elite, professional track and field athlete. Among other achievements, JONES won five medals, including three gold medals, at the Summer Olympic Games held in Sydney, Australia, in 2000.

The Northern District of California Criminal Investigation

2. At all times relevant to this Information, Balco Laboratories, Inc. ("Balco"), was a California corporation performing blood-testing, among other functions. Balco was located in Burlingame, California.

3. At all times relevant to this Information, Trevor Graham ("Graham"), was a coach for track and field athletes, including professional and Olympic athletes, and had coached MARION JONES, the defendant, from approximately 1997 to 2002.

4. A federal criminal investigation commenced in the Northern District of California ("the Northern District of California Criminal Investigation") in or about 2002. The Northern District of California Criminal Investigation concerned the distribution of anabolic steroids and other illegal performance-enhancing drugs and the related money laundering of proceeds from said distributions and centered around Balco. The Northern District of California Criminal Investigation subsequently expanded to include, among other things, investigation into whether various witnesses made false statements during interviews with federal agents. The Internal Revenue Service-Criminal Investigation Division ("IRS-CID"), San Jose Office, was the lead investigative agency throughout the course of the Northern District of California Criminal Investigation.

5. As part of the Northern District of California Criminal Investigation, on or about September 3, 2003, a federal search warrant, issued by a United States Magistrate Judge in the Northern District of California, was executed at the Balco premises in Burlingame, California. Among other things, investigators obtained evidence concerning MARION JONES, the defendant, and her relationship with Balco, Graham, and other professional athletes.

6. As part of the Northern District of California Criminal Investigation, on November 4, 2003, a Special Agent of IRS-CID, along with other Government officials, interviewed MARION JONES, the defendant. Prior to the interview, a letter-agreement between JONES and the United States Attorney's Office for the Northern District of California covering JONES's interview was executed. The letter-agreement provided that any statements made by JONES during the interview would not be used against her in connection with any prosecution of JONES, except under limited circumstances. The letter-agreement specifically stated that JONES was not immunized from prosecution for making false statements during the interview.

7. During the interview on November 4, 2003, a Special Agent of IRS-CID asked MARION JONES, the defendant, in the presence of her attorneys, about the following matters, among others, all of which were material to the Northern District of California Criminal Investigation:

(a) Whether JONES had ever seen or used a performance-enhancing drug known as "the clear"; and

(b) Whether JONES had received the item referred to in paragraph 7(a) from Graham.

The Southern District of New York Criminal Investigation

8.  Timothy Montgomery ("Montgomery") was an elite, professional track and field athlete. MARION JONES, the defendant, and Montgomery lived together at various times between in or about 2002 until in or about the summer of 2005.

9.  A federal criminal investigation commenced in the Southern District of New York ("the Southern District of New York Criminal Investigation") in or about June 2005 concerning a series of counterfeit checks. The Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), was the lead investigative agency throughout the course of the Southern District of New York Criminal Investigation.

10.  The Southern District of New York Criminal Investigation included investigation into a counterfeit check for $850,000 deposited in or about April 2005 into a business account controlled by Nathaniel Alexander ("Alexander"), an individual who resided in Norfolk, Virginia, and the distribution of the proceeds of the $850,000 counterfeit check. Alexander was a friend and officemate of the person who was, in or about 2005, the track coach of MARION JONES, the defendant, and Montgomery. One check for $25,000 from Alexander, which represented part of the proceeds of the $850,000 counterfeit check, was made out to JONES and was deposited by JONES into an account maintained by her.

11.  The Southern District of New York Criminal Investigation also included investigation into a counterfeit check for $200,000 deposited by Montgomery in or about May 2005 into a business account controlled by Montgomery and MARION JONES, the defendant.  JONES and Montgomery executed documents to add JONES as a signatory to that business account several days before Montgomery deposited the $200,000 counterfeit check.

12.  As part of the Southern District of New York Criminal Investigation, a Special Agent of ICE, along with other Government officials, interviewed MARION JONES, the defendant, on August 2, 2006, and September 5, 2006, at the United States Attorney's Office for the Southern District of New York.  During the interview, JONES was asked, in the presence of her attorney, about the following matters, among others, all of which were material to the Southern District of New York Criminal Investigation:

(a)  Whether JONES was aware of a $25,000 check from Alexander to her;

(b)  Whether JONES was aware of Montgomery's receipt of any large checks, including the $200,000 counterfeit check, in or about 2004 or 2005; and

(c)  Whether JONES had any knowledge of Montgomery's involvement in a counterfeit check fraud scheme.

13.  On or about April 9, 2007, Montgomery pled guilty to one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and two counts of bank fraud, in violation of 18 U.S.C. §§ 1344 and 2, in the United States District Court for the Southern District of New York.  Montgomery's guilty plea was predicated upon, among other things, the deposit of the $200,000 counterfeit check into the account controlled by Montgomery and MARION JONES, the defendant.

STATUTORY ALLEGATIONS

14.  On or about November 4, 2003, in the Northern District of California, MARION JONES, the defendant, unlawfully, willfully, and knowingly, in a matter within the jurisdiction of the executive branch of the Government of the United States, falsified, concealed, and covered up by trick, scheme, and device material facts, and made materially false, fictitious, and fraudulent statements and representations, to wit, in an interview with a Special Agent of IRS-CID conducted as part of the Northern District of California Criminal Investigation, JONES made the following false statements and concealed and covered up the following material facts:

(a)  JONES falsely and fraudulently stated that she had never seen or ingested a performance-enhancing drug known as "the clear," when, in truth and in fact, JONES had seen and ingested a performance-enhancing drug known as "the clear"; and

(b) JONES falsely and fraudulently stated that she had never received a performance-enhancing drug known as "the clear" from Graham, when, in truth and in fact, JONES had received a performance-enhancing drug known as "the clear" from Graham.

(Title 18, United States Code, Section 1001.)

COUNT TWO
(False Statements to a Government Agency)

The United States Attorney further charges:

15. The factual allegations set forth in paragraphs 1 and 8 through 13 are repeated and realleged as if fully set forth herein.

16. On or about August 2, 2006, and September 5, 2006, in the Southern District of New York, MARION JONES, unlawfully, willfully, and knowingly, in a matter within the jurisdiction of the executive branch of the Government of the United States, falsified, concealed, and covered up by trick, scheme, and device material facts, and made materially false, fictitious, and fraudulent statements and representations, to wit, in interviews with a Special Agent of ICE conducted as part of the Southern District of New York Criminal Investigation, JONES made the following false statements and concealed and covered up the following material facts:

(a) On or about August 2, 2006, JONES falsely and fraudulently stated that she was unaware of a $25,000 check from

Alexander to her, when, in truth and in fact, JONES was aware of a $25,000 check from Alexander to JONES and had herself endorsed that check;

(b) On or about August 2, 2006, and September 5, 2006, JONES falsely and fraudulently stated that she was unaware of Montgomery's receipt of any large checks in or about 2004 or 2005, including the $200,000 counterfeit check, when, in truth and in fact, JONES was aware of Montgomery's receipt of the $200,000 counterfeit check in 2005; and

(c) On or about August 2, 2006, and September 5, 2006, JONES falsely and fraudulently stated that she had no knowledge of Montgomery's involvement in a counterfeit check fraud scheme, when, in truth and in fact, JONES did have knowledge of Montgomery's involvement in a counterfeit check fraud scheme.

(Title 18, United States Code, Section 1001.)

*Michael J. Garcia* ssR
MICHAEL J. GARCIA ssR
United States Attorney

8