UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

MARION JONES-THOMPSON,

Defendant.

Case No. S6 05-CR-1067 (KMK)

ORDER

---

KENNETH M. KARAS, District Judge:

The Court has carefully reviewed the Pre-Sentence Report and the thoughtful submissions made by counsel for the Government and for Defendant Marion Jones-Thompson. Following this review, the Court requests additional briefing in advance of sentencing.

The Parties shall submit to the Court briefing on the extent of the Court's discretion to impose consecutive sentences for the two separate false statements counts to which Defendant Jones-Thompson pled guilty, see 18 U.S.C. 3584(b); U.S.S.G. § 5G1.2; *United States v. Rahman*, 189 F.3d 88, 154-57 (2d Cir. 1999), and how it is that the Court is to exercise any such discretion applying the factors set forth in 18 U.S.C. § 3553(a). See *United States v. Saldana*, 427 F.3d 298, 308-14 (5th Cir. 2005) (affirming an upward variance from the applicable guidelines range in the form of consecutive sentences for separate counts of false statements). The Court notes that the two false statements counts involve separate investigations of unrelated criminal conduct in different jurisdictions. See *United States v. Tomko*, 498 F.3d 157, 165-67 (3d Cir. 2007) (reversing non-guidelines sentence of probation, noting that the district court failed to adequately consider, among other 3553(a) factors, general deterrence in the area of tax evasion (citing *United States v. Rattoballi*, 452 F.3d 127 (2d Cir. 2006)); *United States v. Genao*, 343 F.3d 578, 586-87 (2d Cir. 2003) (noting that while district court had no authority in false statements case to

apply guideline provision for obstruction of justice, under § 2B1.1(c)(3), it retained the authority to upwardly depart under Application Note 15 of § 2B1.1).

The Court recognizes that there is a plea agreement between the Parties regarding, among other things, a stipulated Guidelines range. The Court, however, is not bound by that agreement and does not view this Order as requiring either side to violate the agreement.

Therefore, each of the Government and Defendant is to submit a letter no longer than five single-spaced pages to address the issues raised herein by no later than 4 p.m. on Wednesday, January 9, 2008. The Parties shall file these submissions by ECF, with a courtesy copy to the Court. No extensions will be granted and the sentence will not be adjourned.

SO ORDERED.

Dated:   January 3, 2008
         New York, New York

                                    _____
                                    KENNETH M. KARAS
                                    UNITED STATES DISTRICT JUDGE