

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

January 9, 2008

By Facsimile and ECF
The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street, Room 533
White Plains, New York  10601

Re:   United States v. Marion Jones
        S6 05 Cr. 1067 (KMK)

Dear Judge Karas:

The Government respectfully submits this letter in response to the Court's Order, dated January 3, 2008, requesting additional briefing.

For the reasons set forth below, the Government submits that:

(1) The Court's discretion to sentence the defendant to consecutive terms of imprisonment on each count to which the defendant pled guilty, that is, up to 10 years' imprisonment, is constrained only by 18 U.S.C. § 3553(a);

(2) As to the question of consecutive versus concurrent sentences on Counts One and Two of the Information, the Court should follow the approach set out in U.S.S.G. § 5G1.2, as articulated in United States v. Rahman, 189 F.3d 88, 155 (2d Cir. 1999), which provides generally that the total punishment should be decided first and that sentences on multiple counts should be consecutive only where the statutory maximum on the count with the highest statutory maximum is not sufficiently high to impose the total punishment;

(3) The Court should, in considering the factors set out in 18 U.S.C. § 3553(a), take into account the fact that the defendant made false statements on three separate occasions in connection with two separate criminal investigations, separated by nearly three years in time; and

(4) The Court should sentence the defendant within the Sentencing Guidelines range stipulated to by the parties.

The Honorable Kenneth M. Karas
January 9, 2008
Page 2

I.    **Discussion**

       The Government responds to the Court's Order pursuant to those parts of the plea agreement that permit the Government: (1) "to present to the Probation Office or the Court any facts relevant to sentencing"; (2) "to make any arguments regarding where within the Stipulated Guidelines Range of 0 to 6 months (or such other range as the Court may determine) the defendant should be sentenced"; and (3) "[i]n the event that the Probation Office or the Court contemplates any Sentencing Guidelines adjustments, departures, or calculations different from those stipulated to [in the plea agreement], or contemplates any sentence outside of the Stipulated Guidelines Range of 0 to 6 months, . . . to answer any inquiries and to make all appropriate arguments concerning the same."

       The Court's first question regards the extent of the Court's discretion to impose consecutive sentences for the two separate false statement counts to which the defendant pled guilty. Section 3584(a) provides that "[i]f multiple terms of imprisonment are imposed on a defendant at the same time . . . the terms <u>may</u> run concurrently or consecutively." 18 U.S.C. § 3584(a) (emphasis added). In turn, section 3584(b) requires that the Court, "in determining whether the terms imposed are to be ordered to run concurrently or consecutively, <u>shall consider</u>, as to each offense for which a term of imprisonment is being imposed, <u>the factors set forth in section 3553(a)</u>." 18 U.S.C. § 3584(b) (emphasis added).

       The Sentencing Guidelines, which are to be considered pursuant to 18 U.S.C. § 3553(a)(4), discuss the issue of consecutive versus concurrent sentences. As explained in <u>Rahman</u>:

> Despite the statutory provisions, the Guidelines prescribe a precise regime for the decision as to consecutiveness of terms imposed on multiple counts. Unless the offense statute requires consecutiveness, <u>see</u> U.S.S.G. § 5G1.2(a), the sentencing judge first calculates the total punishment called for by the Guidelines. <u>See id.</u> § 5G1.2(b). Next, the sentencing judge notices whether that total punishment called for by the Guidelines is within or above the statutory maximum for the count carrying the highest maximum. <u>See id.</u> § 5G1.2(c). If the total punishment is less than the highest count maximum, the judge first imposes the total punishment on that count, then imposes the total punishment, up to the statutory maximums, on all other counts, and then specifies that the sentences on the other counts run concurrently with the sentence on the count carrying the highest maximum. <u>See id.</u> If the total punishment called for by the Guidelines exceeds the statutory maximum for the count carrying the highest maximum, the judge imposes consecutive sentences, but only to the extent necessary to make the combined sentences on all counts equal to the targeted total punishment. <u>See id.</u> § 5G1.2(d).

<u>Rahman</u>, 189 F.3d at 155.[1]

---

[1] <u>Rahman</u> also discusses an inconsistency between section 3584(b), which requires that a sentencing court consider all of the 3553(a) factors in deciding whether to impose consecutive or

The Honorable Kenneth M. Karas
January 9, 2008
Page 3

The approach to the question of consecutive versus concurrent sentences articulated in Section 5G1.2, although not binding following Booker, remains useful. It, in essence, eliminates the need to decide whether sentences on multiple counts should run concurrently or consecutively and the Court is, in general, only confronted with this decision when the statutory maximum on the count of conviction with the highest statutory maximum is not sufficiently high to impose the total punishment determined by the Court. In this case and under this approach, the Court would need to confront the decision about whether to order consecutive sentences only if it were to determine that the total punishment should be greater than five years' imprisonment.

Part of the Sentencing Guidelines analysis also includes the impact of the grouping rules set out in U.S.S.G. Ch. 3, Pt. D. The purpose of the grouping rules is to "provide incremental punishment for significant additional criminal conduct." U.S.S.G. Ch. 3, Pt. D, intro. comment. The effect of the grouping rules in this case is that the defendant's applicable Sentencing Guidelines range would be 0 to 6 months, whether she committed both crimes charged in the Information or only one of them. Moreover, even if Counts One and Two were not grouped, the applicable Sentencing Guidelines range would still be 0 to 6 months. (This is because an increase of 2 levels pursuant to U.S.S.G. § 3D1.4 would make the defendant's total offense level 6, which would still result in an applicable Sentencing Guidelines range of 0 to 6 months.) The grouping rules themselves contemplate the unusual circumstance where they produce adjustments for additional counts that may be deemed inadequate and suggest that the ordinary solution to this problem is a sentence "toward the upper end of the range authorized for the most serious offense" or a departure. U.S.S.G. § 3D1.4, comment. (backg'd.).[2]

That said, the fact that the defendant made false statements in two separate and entirely unrelated criminal investigations and the fact that the defendant made false statements on three separate occasions should be considered by the Court pursuant to its analysis of the 3553(a) factors in this case regarding where within the applicable Sentencing Guidelines range of 0 to 6 months to sentence the defendant. Specifically, as set forth in the Information, the defendant made false statements in connection with the Northern District of California criminal investigation in November 2003 and again in connection with the Southern District of New York criminal investigation in August 2006 and September 2006. By August 2006, when she was again requested to attend a meeting with a federal agent, the defendant was no stranger to the

---

concurrent sentences on multiple counts, and section 5G1.2, which expressly limits the instances in which consecutive sentences may be imposed. Rahman, 189 F.3d at 156. The "tension" referred to in Rahman no longer exists following United States v. Booker, 543 U.S. 220 (2005), which rendered the Sentencing Guidelines advisory and makes preeminent the section 3553(a) factors.

[2] In this case, the Government takes no position on where within the applicable Sentencing Guidelines range the defendant should be sentenced. Nor does the Government suggest that the grouping rules produce results that are inadequate in this case. And, consistent with the plea agreement, the Government expressly does not seek any departure or variance from the applicable Sentencing Guidelines range and does not suggest that the Court sua sponte consider such a departure or variance.

The Honorable Kenneth M. Karas
January 9, 2008
Page 4

process of being interviewed by federal law enforcement officials. And, indeed, in mid-2006, the defendant could have simply declined the invitation to the interview in the first place. At the same time, it is also true that the defendant waived venue and indictment in connection with her two separate sets of lies and agreed to a global resolution of her criminal conduct, which ultimately saved two prosecutor's offices immeasurable time and resources. These facts should be taken into account in considering the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate general deterrence.

     In sum, the Government respectfully submits that, after considering all of the factors in section 3553(a), the Court should sentence the defendant within the Sentencing Guidelines range stipulated to by the parties, not simply because it is consistent with the Sentencing Guidelines, but because it is a reasonable sentence in light of all of the section 3553(a) factors.

                                      Respectfully submitted,

                                      MICHAEL J. GARCIA
                                      United States Attorney

                          By: _____/s/_____
                              E. Danya Perry/Daniel W. Levy
                              Assistant United States Attorneys
                              Telephone: (212) 637-2434/1062

                              JOSEPH P. RUSSONIELLO
                              United States Attorney for the
                              Northern District of California

                          By: _____/s/_____
                              Matthew A. Parrella/Jeffrey D. Nedrow/
                              Jeffrey R. Finigan
                              Assistant United States Attorneys
                              Telephone: (408) 535-5042/(408) 535-5045/
                              (415) 436-7232

cc:    (by facsimile and ECF)
        Henry J. DePippo, Esq.
        F. Hill Allen, Esq.